### THOS. McKINSTER, ETC., *v.* ROBERT EASTHAM.

**Contracts—Necessity of Parties.**
   An instrument which does not name an obligor, as well as an obligee, is invalid and unenforceable.

**Sheriffs and Constables—Bond—Obligee.**
   An instrument purporting to be a bond for a deputy sheriff, which does not name one as obligee is invalid.

APPEAL FROM LAWRENCE CIRCUIT COURT.

February 3, 1873.

OPINION BY JUDGE PETERS:

This action was brought by appellee against appellants on the following writing:

"We, Thomas McKinster, principal, and Wm. Hoge, B. Haise and Sinclair Roberts, agree that we will be responsible as surety for all the acts of said McKinster as deputy sheriff, for Robert Eastham, sheriff of Lawrence County. Given under our hands this 17th of August, 1857." The writing was signed by McKinster and the persons named as sureties.

It can not escape observation that there is no one named as an obligee in the writing, and no one to whom there is a direct undertaking to pay, or to account for the failure of McKinster to discharge the duties of deputy sheriff. There can be no contract to which there are no parties; and it is as essential to its validity that there shall be a promise as a promisor, an obligee as an obligor. In this case the persons who sign the writing undertake to be responsible for all the acts of McKinster as deputy sheriff for Robert Eastham. But the undertaking is not to Eastham directly, nor to him more than any other person. His name is used as descriptive of the business in which McKinster was about to engage, and not as a party to the contract, and appellee does not either in the original or amended petition allege that appellants contracted, or covenanted with him that McKinster should faithfully discharge the duties of deputy sheriff, etc.

Wherefore we conclude that appellee did not state facts in his petition sufficient to constitute a cause of action against appellants.

That McKinster will be responsible to Eastham, his principal, for a failure to pay over or to account for taxes, etc., collected by him while acting as his deputy need scarcely be stated, which failure may be proved by parol. We only decide in this case that the facts stated in the petition and the writing declared on are not sufficient to make out a cause of action against appellants, and do not decide the question of McKinster's responsibility in an action on an account stated in the nature of an action of assumpsit.

But for the reasons herein set forth the judgment is reversed, and the cause is remanded with directions for further proceedings consistent herewith.

*L. T. Moore, for appellants.*

*G. N. Brown, for appellee.*